# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONIQUE MCKNIGHT,** | : | **CIVIL ACTION** |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO.   24-3078 |
| | : | |
| **GEORGE W. HILL CORRECTIONAL** | : | |
| **FACILITY,** *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                                   **October 8, 2024**

*Pro se* Plaintiff Monique McKnight, a convicted prisoner who is currently incarcerated at SCI Muncy, brings this civil action arising from events that allegedly occurred while she was detained at the George W. Hill Correctional Facility ("George W. Hill").  Currently before us are Ms. McKnight's complaint, DI 1, her motion for leave to proceed *in forma pauperis*, DI 2, and her prisoner trust fund account statement, DI 3.  Ms. McKnight asserts claims against George W. Hill and Crozer Hospital ("Crozer").[1]  DI 1 at 2, 3.  For the following reasons, we grant Ms. McKnight leave to proceed *in forma pauperis*, dismiss her constitutional claims with prejudice, and dismiss her state law claims without prejudice for lack of subject matter jurisdiction and with leave to amend.

---

[1] We understand Ms. McKnight to refer to the Crozer-Chester Medical Center, located in Chester, Pennsylvania.  *See* Crozer-Chester Medical Center, https://www.crozerhealth.org/crozer/ (last accessed September 25, 2024).

I.     FACTUAL ALLEGATIONS[2]

The gravamen of Ms. McKnight's claim is that her medical care was delayed for more than eight hours when she experienced pre-term labor while detained at George W. Hill and that she received inadequate care later when she delivered her son at Crozer. Because we are reviewing Ms. McKnight's complaint for failure to state a claim, we accept her allegations as true and summarize them below.

The events giving rise to Ms. McKnight's claims occurred between February 18 and 23, 2022. DI 1 at 4. At approximately 1:00 a.m. on February 18, 2022, Ms. McKnight was in a holding cell at George W. Hill when she experienced pre-term labor. *Id*. She reported this to the correctional officer on duty, who called the nurse's station. *Id*. Non-defendant Sergeant Turner escorted Ms. McKnight to the infirmary, where she told an unidentified male nurse that she was at risk of pre-term labor. *Id*. He responded that he was a jail nurse and did not know how to handle her condition. *Id*. When Ms. McKnight's contractions became more intense and closer together, she attempted to attract the attention of a female nurse, who waved her off. *Id*. When the morning shift nurse came on duty, she saw that Ms. McKnight was in distress and called paramedics, who arrived at approximately 9:45 a.m. and rushed Ms. McKnight to Crozer. *Id*. Ms. McKnight alleges that she arrived at the hospital at 10:06 a.m. and delivered her son at 10:11 a.m.[3] *Id*.

---

[2] The allegations set forth in this Memorandum are taken from Ms. McKnight's complaint (DI 1). We adopt the pagination assigned by the CM/ECF docketing system.

[3] Ms. McKnight's allegations describing the timeline of events are confusing. While the allegations suggest that she spent approximately eight hours in the infirmary at George W. Hill before being transported to Crozer, she also alleges that her son was born on February 22, four days after her labor is alleged to have begun. *See* DI 1 at 4, 5. This discrepancy, however, is not relevant to the Court's disposition of Ms. McKnight's claims.

With respect to her delivery, Ms. McKnight alleges that upon examination, the doctor noted that she was fully dilated and ready to push, but that her water had not broken. *Id*. at 5. The doctor did not break Ms. McKnight's water, and her son was born encased in the amniotic sac. *Id*. Ms. McKnight alleges that as a result, her son, who weighed one pound, one ounce at birth, inhaled amniotic fluid. *Id*. After the birth, the doctor asked Ms. McKnight if she wished to hold her son, because he was not expected to survive. *Id*. Ms. McKnight responded by telling the doctor to do her job. *Id*. The doctor then placed Ms. McKnight's son in an incubator. *Id*. Ms. McKnight was released from custody and left Crozer later that day. *Id*.

The next day, February 23, 2022, Ms. McKnight was able to visit her son, who was in stable condition at that time. *Id*. She left the hospital to pick her other children up from school, but returned immediately upon speaking with her mother, who told her that her son had passed away. *Id*. When Ms. McKnight returned to the hospital, a doctor screamed at her and told her that her son was breathing only because he was on a ventilator. *Id*. Ms. McKnight alleges that unidentified hospital personnel dressed her son in a Christian dress, baptized him, and conducted a Christian prayer ring around him, which she asserts was disrespectful because she is Muslim. *Id*. at 6.

Ms. McKnight asserts that the defendants were medically negligent and that, as a result, she experienced mental, emotional, and physical distress. *Id*. at 7. She seeks money damages. *Id*.

## II.     STANDARD OF REVIEW

We will grant Ms. McKnight leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires us to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation, we accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [the] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotations omitted), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. Aug. 15, 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Ms. McKnight is proceeding *pro se*, we construe her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Additionally, we must review the pleadings and dismiss the matter if we determine that the plaintiff has failed to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction,

---

[4] Because Ms. McKnight is a prisoner, the Prison Litigation Reform Act requires that she pay the full filing fee in installments regardless of the outcome of this case.

the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) ("[A]n objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.    DISCUSSION

#### A.    Constitutional Claims

Though Ms. McKnight references only medical negligence in her complaint,[5] it is possible that she intended to assert a constitutional claim for deliberate indifference to her serious medical needs. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

---

[5] Of note, the United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387-89 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

To the extent Ms. McKnight intended to assert constitutional claims arising from the February 2022 events described in the complaint, those claims are time-barred. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Ms. McKnight's constitutional claims asserted pursuant to § 1983 is two years. A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Ms. McKnight's deliberate indifference claim arose in February 2022, when George W. Hill personnel allegedly delayed treatment for her pre-term labor for at least eight hours, and when Crozer allegedly negligently delivered her premature son, who died shortly after his birth. The claim accrued no later than February 23, 2022, the day that Ms. McKnight's son is alleged to have died. At that time, Ms. McKnight was fully aware of the events that occurred before, during, and after her son's birth. There are no allegations of any contact between Ms. McKnight and either George W. Hill or Crozer after that date and there are no allegations describing relevant information obtained by Ms. McKnight after that date. Because there are no allegations

in the complaint that would support a basis for equitable tolling of the limitations period applicable to Ms. McKnight's claims,[6] and it is apparent on the face of the complaint that Ms. McKnight's claims are time-barred, her constitutional claims must be dismissed with prejudice.

**B.  State Law Medical Negligence Claim**

Ms. McKnight also asserts state law medical negligence claims against the defendants. DI 1 at 7.  Because Ms. McKnight's federal claims are dismissed, we will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a).  Section 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his

---

[6] *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) ("Equitable tolling is generally appropriate where:  (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum.").

imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Ms. McKnight does not allege the citizenship of the parties. Rather, she provides SCI Muncy's address for herself, George W. Hill's address for that facility,[7] and no address for Crozer. DI 1 at 2-3. This suggests that she and at least one of the defendants may not be of diverse citizenship, but it is possible that Ms. McKnight's domicile is outside of Pennsylvania. Accordingly, Ms. McKnight has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue. Ms. McKnight's negligence claim will be dismissed without prejudice for lack of subject matter jurisdiction with leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that plaintiffs are entitled to amend their complaint under § 1915(e)(2) unless doing so would be inequitable or futile). If Ms. McKnight wishes to amend her complaint to demonstrate diversity jurisdiction over the state law claims, she must do so within 30 days.

## IV.     CONCLUSION

For the foregoing reasons, we grant Ms. McKnight's request for leave to proceed *in forma pauperis*, dismiss her constitutional claims with prejudice, and dismiss her state law claims without prejudice for lack of subject matter jurisdiction but with leave to amend within 30 days.

---

[7] Both SCI Muncy and George W. Hill are in Pennsylvania.