**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MONIQUE MCKNIGHT,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  24-3078** |
| | : | |
| **GEORGE W. HILL** | : | |
| **CORRECTIONAL FACILITY,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**MURPHY, J.**                                                          **January 28, 2025**

Currently before us is an amended complaint[1] (AC) filed *pro se* by plaintiff Monique

McKnight, a convicted prisoner currently incarcerated at SCI Muncy.  The AC, filed pursuant to

42 U.S.C. § 1983, asserts violations of Ms. McKnight's constitutional rights and related state law

claims against the George W. Hill Correctional Facility (GWH) and Crozer Hospital (Crozer).

Ms. McKnight's constitutional claims have already been dismissed with prejudice for failure to

state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[2] and will again be dismissed on this basis.

For the following reasons, her state law claims will be dismissed without prejudice for lack of

subject matter jurisdiction but without further leave to amend.

---

[1] Ms. McKnight's pleading is styled as a motion.  *See* DI 18.  We will grant the motion
and construe the pleading as the governing amended complaint.

[2] *See McKnight v. George W. Hill Corr. Facility*, No. 24-3078, 2024 WL 4445123, at *3
(E.D. Pa. Oct. 8, 2024).

## I.    PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS[3]

The gravamen of Ms. McKnight's original complaint was that her medical care was delayed for more than eight hours when she experienced preterm labor while detained at GWH, and that she received inadequate care later when she delivered her son at Crozer. *McKnight*, 2024 WL 4445123, at *1. She alleged that as a result, her son died shortly after his birth. *Id.* at *2. She asserted constitutional and state law claims against GWH and Crozer. *Id.* Upon statutory screening, we dismissed Ms. McKnight's constitutional claims with prejudice because it was clear from the face of the complaint that the claims were time-barred. *Id.* at *3. We dismissed Ms. McKnight's related state law negligence claims without prejudice for lack of subject matter jurisdiction and granted Ms. McKnight leave to file an amended complaint to establish diversity of citizenship. *Id.* at *4. Ms. McKnight filed a motion to file an amended complaint, *see* DI 18, which we will grant. Accordingly, Ms. McKnight's AC is ripe for screening.

As with her original complaint, Ms. McKnight's claims in her AC are based on the care she received when she experienced preterm labor while in custody and the subsequent birth and loss of her son. *See* DI 18. Ms. McKnight alleges that on February 18, 2022, while she was a pretrial detainee at GWH, the facility did not provide her prescribed medication, including Suboxone, Clonidine, and Gabapentin. *Id.* at 2. She alleges she suffered withdrawal symptoms as a result. *Id.* at 3. Ms. McKnight also alleges that she was unable to post bail and so remained in custody and missed a scheduled medical appointment related to her pregnancy, of which GWH personnel were aware. *Id.* at 2-3. She alleges that she began pre-term labor on February

---

[3] The factual allegations set forth in this memorandum are taken from Ms. McKnight's AC. DI 18. We adopt the pagination supplied by the CM/ECF docketing system.

20, 2022.  *Id*. at 3.  She alleges that her son was born later that day and died on February 23,

2022.  *Id*.  Ms. McKnight alleges she experienced pain and suffering and emotional distress as a

result of defendants' conduct.  *Id*. at 4.  She asserts claims for violations of her Fourth, Fifth,

Eighth, and Fourteenth Amendment rights.  *Id*. at 1.  She also asserts a claim for negligence.  *Id*.

She seeks money damages.  *Id*. at 4.

## II.    STANDARD OF REVIEW

We have already granted Ms. McKnight leave to proceed *in forma pauperis*, and

accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires us to dismiss the AC if it fails to state a

claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires us to determine

whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

omitted).  "'At this early stage of the litigation,' '[w]e accept the facts alleged in [the *pro se*]

complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only

whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible []

claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v.

Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556

at 678.  As Ms. McKnight is proceeding *pro se*, we construe her allegations liberally.  *Vogt v.

Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)).

Additionally, we must dismiss the matter if we determine that the plaintiff has failed to set forth a proper basis for federal subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.  DISCUSSION

As noted, we have already dismissed Ms. McKnight's constitutional claims because they are time-barred.  *McKnight*, 2024 WL 4445123, at *3.  The AC does not include any allegations that would require reconsideration of this decision.  We again dismiss Ms. McKnight's constitutional claims for the reasons previously explained.[4]

Ms. McKnight again asserts state law negligence claims against defendants.  DI 18 at 3-4. We previously declined to exercise supplemental jurisdiction over these claims, leaving diversity jurisdiction under 28 U.S.C. § 1332(a) as the only available independent basis for jurisdiction. *McKnight*, 2024 WL 4445123, at *4.[5]  We observed that Ms. McKnight had provided SCI

---

[4] Ms. McKnight's constitutional claims against GWH must also be dismissed with prejudice because a jail is not a "person" under § 1983.  *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).

[5] As stated in our earlier memorandum, § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of

Muncy's address for herself, GWH's address for that facility, and no address for Crozer.  *Id*.  We noted that both SCI Muncy and GWH are in Pennsylvania, suggesting that Ms. McKnight and at least one of the defendants are not of diverse citizenship as required under § 1332(a).  *Id*.  We therefore dismissed Ms. McKnight's state law claims because she did not adequately allege that the parties were diverse for purposes of establishing diversity jurisdiction, but we granted her leave to amend her complaint.  *Id*.  We included guidance to Ms. McKnight in this regard, stating that "[a]n individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain," and "the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Id*. (citations omitted).

Ms. McKnight's AC does not include any allegations addressing her citizenship or that of defendants.  *See* DI 18.  As a result, she has not met her burden of establishing diversity jurisdiction over her state law claims.  We will dismiss Ms. McKnight's state law claims without prejudice for lack of subject matter jurisdiction, but without further leave to amend.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("Because Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").  Ms. McKnight may assert these claims in an appropriate state court forum.[6]

---

interest and costs, and is between . . . citizens of different States."  *McKnight*, 2024 WL 4445123, at *4.

[6] Because we dismiss Ms. McKnight's state law claims on jurisdictional grounds, we do not address the plausibility of those claims.

**IV.    CONCLUSION**

Ms. McKnight's constitutional claims have already been dismissed with prejudice as time-barred and will again be dismissed on that basis.  For the foregoing reasons, her negligence claims will be dismissed for lack of subject matter jurisdiction.  Ms. McKnight will not be granted leave to further amend her claims.